IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GHALEB NASSAR AL BIHANI**, | ) |
| *Petitioner*, | ) |
| v. | ) CIVIL ACTION NO. 05-CV-01312 (RJL) |
| **GEORGE W. BUSH**, *et al.*, | ) |
| *Respondents*. | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PETITIONER'S PREVIOUSLY-FILED OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND WITHDRAWAL OF HIS ALTERNATIVE REQUEST FOR TRANSFER UNDER 28 U.S.C. § 1631**

On April 19, 2007, Respondents moved to dismiss Petitioner Ghaleb Nassar Al Bihani's pending habeas corpus petition, contending that this Court lacked jurisdiction under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 ("DTA"), and Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), citing *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (*Boumediene I*). Mr. Al Bihani filed an opposition, contending that neither the DTA nor the MCA stripped this Court of jurisdiction, contrary to the ruling in *Boumediene I* and further, requesting that at a minimum, controlling Circuit and Supreme Court authority require the Court to continue the stay of the District Court proceedings, holding them in abeyance pending the petitioner's exhaustion of remedies under the DTA. Out of an abundance of caution, Mr. Al-Bihani also proposed as an alternative to a dismissal of his

habeas petition, a transfer of the habeas action to the Court of Appeals pursuant to 28 U.S.C. § 1631, for consolidation with Petitioner's DTA action. Docket Entry ("DE") 36.[1]

Since that filing, on June 29, 2007, the Supreme Court reconsidered its earlier decision and granted the renewed petitions for certiorari in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) and *Al Odah v. United States*, 476 F.3d 981 (D.C. Cir. 2007) and consolidated these two cases for review. *See Al Odah v. United States*, 127 S. Ct. 3067 (2007) and *Boumediene v. Bush*, 127 S. Ct. 3078 (2007). While Petitioner has indeed filed a DTA petition in the D.C. Circuit Court, the Supreme Court may determine that he has relief in this Court, obviating the need for any transfer under 28 U.S.C. § 1631. Hence, he no longer seeks transfer at this time.

The grant of certiorari in *Boumediene* means that the Supreme Court is likely to resolve the jurisdictional issues presented by the Guantanamo cases and may decide that Petitioner Al Bihani has a remedy in this court and that he need not seek his only relief through a DTA filing – a process that Petitioner contends violates his right of habeas corpus and constitutional protections. The procedures afforded Petitioner Al Bihani under the DTA of 2005 are and will always be a fundamentally inadequate substitute for habeas corpus rights. Petitioner also believes that the procedures set out in the DTA are so flawed that he cannot receive a fair determination of whether he is properly held by the United States government.

---

[1] He first requested that the Court stay action on his habeas petition while litigation concerning the DTA–including the adequacy of remedies and related jurisdictional questions–proceeded in the appellate courts, and hold a disposition of the merits in abeyance pending the outcome of that litigation. He requested "[i]n the alternative, if this Court now determines that it lacks jurisdiction over the petition (which Petitioner respectfully suggests would be premature), then it should transfer the habeas action to the Court of Appeals pursuant to 28 U.S.C. § 1631, for consolidation with Petitioner's DTA action." DE 36 at 1.

Thus, in light of the Supreme Court's action, Petitioner Al-Bihani respectfully submits this notice regarding the Supreme Court's grant of *certiorari* as supplemental support for his opposition to the government's motion to dismiss and grant his request that the Court stay and hold his petition in abeyance pending the Supreme Court's decision in the consolidated cases.[2]

In addition to the possibility that the Supreme Court will reverse the Court of Appeals' decision and allow Petitioner to pursue his habeas action, the D.C. Circuit also issued an order in *Al Ginco v. Bush*, D.C. Cir. No. 06-5191, on June 7, 2007, attached as Exhibit A, making clear that this Court has jurisdiction to grant Petitioner's stay-and-abey motion and may deny the government's motion to dismiss. In the order, the D.C. Circuit (1) denied the government's motion to vacate this Court's orders requiring the government to provide the petitioners' counsel with advance notice of any intended removal of the petitioners from Guantanamo, and (2) denied the government's motion to dismiss the habeas petitions. The Court stated:

> The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals.

Exhibit A. The D.C. Circuit's order makes clear that this Court retains jurisdiction over this case unless and until this Court dismisses this case, and that this Court need not dismiss this case but may stay action pending the Supreme Court's decision..

---

[2] Since the primary authority relied upon by the Respondents in seeking dismissal, *see* Respondents' Motion to Dismiss at pp. 1, 2-3, 4, 6, 8, has been undermined, at a minimum, by the recent grant of *certiorari*, taking any action other than to await the Supreme Court's resolution of these important issues, appears unwise.

**CONCLUSION**

For the foregoing reasons, and the reasons earlier set forth by Petitioner Al Bihani, this Court should deny the government's motion to dismiss or at least stay any action and hold these matters in abeyance pending the Supreme Court's decisions in *Boumediene* and *Al Odah*.

Dated: August 8, 2007				Respectfully submitted,

/s/ Steven F. Hubachek
/s/ Ellis M. Johnston, III
/s/ Heather R. Rogers
/s/ Shereen J. Charlick
Steven F. Hubachek (Cal Bar No. 147703)
Ellis M. Johnston, III (Cal. Bar No. 223664)
Heather R. Rogers (Cal. Bar No. 229519)
Shereen J. Charlick (Cal. Bar. No. 147533)
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Counsel for Petitioner