# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GHALEB NASSAR AL BIHANI, | ) |
| | ) CIVIL ACTION NO. 05-CV-1312 RJL |
| *Petitioner*, | ) |
| | ) STATUS REPORT PURSUANT |
| *v.* | ) TO COURT'S JULY 15, 2008 |
| | ) ORDER |
| GEORGE W. BUSH, *et al.*, | ) |
| | ) |
| *Respondents*. | ) |

## I.

## INTRODUCTION

Petitioner Ghaleb Nasser Al Bihani has been detained at Guantanamo Bay for over six years. He filed his original petition on June 30, 2005, and an amended petition was filed on December 7, 2005. No return was ever filed, and the Respondents have failed to provide any additional information whatsoever, despite requests from the Petitioner, in the wake of this Court's comments at the July 10, 2008 status conference.

Despite Respondents' failure to provide any information regarding Petitioner's case, Petitioner will seek to address the areas identified in this Court's July 15, 2008 order, and its comments on July 10.

## II.

## THE ISSUES ADDRESSED IN THE COURT'S JULY 15, 2008 ORDER

### A.  Administrative Issues.

Counsel for Petitioner is not aware of any administrative issues that need to be resolved. Counsel for Petitioner filed a Memorandum of Understanding on February 26, 2006.

### B.  The Court Ordered a Stay on October 24, 2008.

The Court granted Respondents' Motion to Stay Proceedings, filed July 18, 2005, on October 24, 2008. The Order, which cites the *Boumediene* litigation, should be vacated and the stay lifted in light of *Boumediene v. Bush*, 128 S. Ct. 2229 (2008).

### C.  Factual History Surrounding Petitioner's Detention

As counsel for Petitioner indicated at the status conference, *see Transcript of Status Conference*, July 10, 2008 (hereinafter "*Tran.*"), at 23, 51-54, Petitioner's ability to make a meaningful statement regarding the factual history surrounding Petitioner's detention is circumscribed by the fact that Respondents have neither

filed a factual return nor have they provided counsel for Petitioner -- all of whom have secret clearance -- with access to the classified material purporting to justify Petitioner's detention.

The Court indicated its interest in where Petitioner was taken into custody and the "general" circumstances regarding his being taken into custody, as well as whether there has been a CSRT hearing. *See Tran.* at 18. As to the latter question, Petitioner has undergone the CSRT process. As to the factual questions, counsel for Petitioner have acquired, through Freedom of Information Act requests, two documents, three and five pages in length,[1] respectively, purporting to be "Unclassified Summar[ies] of Evidence for Administrative Review Board in the Case of Al Bihani, Ghaleb Nassar." These documents contain primarily conclusory statements, the bases for which are undisclosed. Some statements are attributed to Petitioner, but no information is provided as to how those statements were acquired nor by whom were they elicited. Those documents indicate that Petitioner was taken into custody when he surrendered, in Afghanistan, to the Northern Alliance.

---

[1] By way of comparison, Respondents, in their *Opposition to Petitioner's Motion for the Immediate Issuance of a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2243 or, Alternatively, to Issue an Order to Show Cause*, filed November 11, 2006, stated that "each return can range from dozens to hundreds of pages, depending upon the circumstances." *See id.* at 5-6.

The documents contain allegations that Petitioner received training in the operation of various weapons systems.  In addition, there are various allegations, made by unknown third parties, that Petitioner was present at the front lines.  The following is an example: "[t]he detainee has been identified as being on the front line and in Konduz, Afghanistan."  Issues such as 'identified by whom' and 'doing what' are not addressed.  The claim that "[t]he detainee was identified as a low-ranking al Qaida fighter from Yemen" is similarly lacking in any supporting detail.  Despite the fact that Respondents' evidence is primarily based upon conclusory statements taken from unidentified third parties under undisclosed circumstances, the two summaries include *no* allegations of combat activities by Petitioner.

The documents also contain statements attributed to Petitioner in which he denies any Al Qaeda connection and that he ever fought against Americans.  Rather, he purportedly stated that he worked as a cook.  Additionally, an unknown third party stated that Petitioner was not seen on the front lines.

D. **Whether Petitioner Is Expected to be Transferred From Guantanamo Bay.**

Counsel for Petitioner are aware of no information suggesting that Petitioner will be transferred from Guantanamo Bay, where he is incarcerated.

**E.      Duplicate Petitions**

Counsel for Petitioner are unaware of any duplicate petitions.

**F.      Has Petitioner Been Charged with War Crimes?**

Petitioner has not been charged with war crimes.

**G.      Petitioner's Motions for 30 Day Notice and for Order to Show Cause or Immediate Issuance of a Writ of Habeas Corpus Are Ripe and Ready for Decision.**

On December 5, 2005, Petitioner filed a motion for an Order Requiring Respondents to Provide Counsel with Advance Notice of any Removal from Guantanamo Bay. On December 12, 2005, Respondents filed an Opposition to that motion, and Petitioner filed a reply on December 27, 2005.

On December 27, 2005, Petitioner filed a motion for an Order to Show Cause or Immediate Issuance of a Writ of Habeas Corpus. Respondents filed an Opposition on January 11, 2006, and Petitioner filed a Reply on February 1, 2006.[2] The motions for notice of transfer and an Order to Show Cause/Immediate Issuance of the Writ are ready for decision.

---

[2] That reply is mistakenly captioned Reply Brief in Support of Motion for an Order Requiring Advance Notice of any Repatriations or Transfers from Guantanamo Bay.

Petitioner's Motion for a Stay-and-Abey Order or, Alternatively, a Transfer Order Under 28 U.S.C. § 1631, filed May 4, 2007, remains pending. Petitioner withdraws that motion.

### H.     Respondents Have Not Filed a Factual Return.

Respondents have not filed a factual return. Petitioner has received neither the unclassified nor classified versions of Respondent's theory under which he may be detained. As suggested by the Court, *see Tran.* at 54-59, counsel contacted counsel for Respondents on July 10, 2008, in an effort to arrange to view the classified information upon which Respondents rely. On July 15, 2008, counsel for Respondents replied that "[t]he issue of the CSRT record will be addressed in the status report to be filed on Friday." Counsel for Petitioner took this to mean that no information would be provided prior to filing of the instant pleading. Counsel for Respondents has since confirmed, on July 16, 2008, that counsel for Petitioner's understanding is "most likely correct." Indeed, as of this writing, nothing has been produced.

### I.     Petitioner Intends to Seek Discovery.

Counsel for Petitioner is mindful of the Court's admonition that there must be "a reasoned basis for why petitioners think they need discovery." *See Tran.* at 21. While the instant pleading is perhaps not the proper vehicle for such a

showing, counsel for Petitioner are working without a factual return and without access to any classified information that might form a part of the purported basis for Petitioner's detention. Moreover, the conclusory statements to which counsel have gained access provide no basis for evaluating their credibility; in the majority of the statements, there is simply no basis for the statement in question. As to those statements attributed to Petitioner, there is no basis for evaluating the reliability of such statements or even whether they were actually made. Finally, at least one undisclosed source has provided exculpatory information, stating that Petitioner was not seen on the front lines. While it may be premature to make a satisfactory case for discovery, it is plain that counsel cannot effectively assist Petitioner, nor may his detention be properly evaluated, without more information, gained either through a factual return or discovery or both. Counsel therefore anticipates seeking discovery.

**J.    Collateral Issues**

Counsel for Petitioner are unaware of any collateral issues.

**K.    Common Issues**

Based on the status conference, there are a number of petitions as to which no returns have been filed and as to which counsel have not been granted access to classified material. Those facts suggest common procedural issues. Similarly,

common procedural issues as to access to clients are likely to arise in light of the Court's commitment to resolve these cases no later than December of 2008, as well as procedural issues regarding access to potential detainee/witnesses in Guantanamo Bay.

## III.

## CONCLUSION

Petitioner respectfully requests that the Court rule on the motions identified above.  In the event that the Court does not immediately grant the writ, Petitioner requests that the Court set a prompt deadline for the filing of a factual return and disclosure of any classified material relied upon to justify Petitioner's detention, as well as a follow-up status conference in which Petitioner can participate more fully.

Respectfully submitted,

Dated: July 18, 2008      /s/  Steven F. Hubachek
SHEREEN J. CHARLICK
STEVEN F. HUBACHEK
ELLIS M. JOHNSTON, III.
STEPHEN D. DEMIK
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California  92101-5008
Telephone:  (619) 234-8467

Counsel for Petitioner