UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

GHALEB NASSAR AL BIHANI

    *Petitioner*,

v.

                                 Civil Action No. **05-01312 (RJL)**

GEORGE W. BUSH, ROBERT GATES,
REAR ADM. DAVID M. THOMAS,
JR., and ARMY COL. BRUCE VARGO,

    *Respondents*.

---

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner Ghaleb Nassar Al Bihani respectfully calls the Court's attention to the order of the United States Court of Appeals for the District of Columbia Circuit reinstating the decisions of the Court of Appeals in *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007) (*Bismullah I*) and *Bismullah v. Gates*, 503 F.3d 137 (D.C. Cir. 2007) (*Bismullah II*).  *See Bismullah v. Gates*, No. 06-1197 (D.C. Cir. Aug. 22, 2008) (copy attached).  This order is relevant to the issue of the Government's discovery obligations, which were discussed in the briefs filed in response to the Court's July 30, 2008 Order and in the hearing on August 21, 2008.

The Court of Appeals' order in *Bismullah* confirms the Government's obligation to preserve and produce all information in its possession in proceedings under the Detainee Treatment Act of 2005 (DTA), Pub. L. No. 109-148, §

1005(e)(2), 119 Stat. 2742-43 (Dec. 30, 2005). *See Bismullah I*, 501 F.3d at 192 ("We conclude the record on review consists of the Government Information, that is, all 'reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant.'"). Both the Supreme Court and the D.C. Circuit have recognized that the DTA involves *less* searching review than is required on habeas. *See Boumediene v. Bush*, 128 S. Ct. 2229, 2266 (2008) ("[T]he procedures adopted [in the DTA] cannot be as extensive or as protective of the rights of the detainees as they would be in § 2241 proceedings."); *Parhat v. Gates*, No. 06-1397, 2008 WL 2576977, at *15 (D.C. Cir. June 20, 2008) ("The habeas proceeding will have procedures that are more protective of Parhat's rights than those available under the DTA.").

In light of this recent order, the Government's argument that they should produce only exculpatory material that they happen to encounter as they compile factual returns makes even less sense. *See* Gov't Br. Re. Preliminary and Procedural Framework Issues 22. The Government has urged this Court to disregard the Circuit's holding in *Bismullah I* and *II*, in part because those opinions had been vacated by the Supreme Court. *Id.* at 26. The Circuit's decision to reinstate the decisions obviates this concern and establishes that the *Bismullah* decisions provide a "helpful guidepost for determining the scope of disclosure or discovery in habeas proceedings." *Id.* at 25. Accordingly, to be consistent with the

holdings of *Boumediene* and *Parhat*, which call for *more* rigorous habeas review, the Court should order the Government to search for and produce all exculpatory information—if not all information—that is "reasonably available" to the Government and that bears on the Petitioner's detention.

Dated: August 26, 2008

        Respectfully submitted,

        /s/  Shereen J. Charlick
        SHEREEN J. CHARLICK
        STEVEN F. HUBACHEK
        ELLIS M. JOHNSTON, III.
        STEPHEN D. DEMIK
        Federal Defenders of San Diego, Inc.
        225 Broadway, Suite 900
        San Diego, California  92101-5008

        Telephone:  (619) 234-8467

        *Counsel for Petitioner*